IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| COUNCIL OF UNIT OWNERS OF FIRESIDE CONDOMINIUM, Plaintiff, | * * * * * | |
| v. | * * | Case No. 13-cv-0420-AW |
| THE BANK OF NEW YORK MELLON, Defendant. | * * * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OPINION**

Plaintiff Council of Unit Owners of Fireside Condominium (Fireside) filed suit against Defendant The Bank of New York Mellon (BONY) amid a dispute over a Deed of Trust BONY holds on a piece of property owned by Fireside. Pending before the Court are Plaintiff's Motion to Remand, Defendant's Motion for Leave to Amend Notice of Removal, Defendant's Motion for Leave to File a Surreply, and Defendant's Motion for Expedited Jurisdictional Discovery. Doc. Nos. 8, 11, 13, and 14. The Court has reviewed the parties' briefs and concludes that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2011). For the reasons articulated below, Plaintiff's Motion to Remand will be GRANTED and Defendant's Motion for Leave to Amend Notice of Removal and Motion for Expedited Jurisdictional Discovery will be DENIED. The remaining motions in the case will be DENIED as moot.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Fireside filed suit against BONY in the Circuit Court for Montgomery County, Maryland on or about December 21, 2012. Doc. No. 1 at 2. Fireside is an unincorporated association of

1

condominium owners, each of whom owns a unit on a property in Montgomery County. Doc. No. 2 at 2. BONY filed a notice of removal on February 7th, 2013, within the 30-day period for removal specified by 28 U.S.C. § 1446. Doc. No. 1. In doing so, BONY improperly relied upon 28 U.S.C. § 1332(d)(10) as a basis for diversity jurisdiction. The removal notice stated:

> Upon information and belief, Plaintiff is an unincorporated condominium association located in the State of Maryland and subject to the laws of the State of Maryland. *See generally* Compl., Ex. A, ¶ 2. An unincorporated association is considered a citizen of the State where it has its principal place of business and the State under whose laws it is organized. 28 U.S.C. § 1332(d)(10). Here, Plaintiff is a citizen of Maryland.

Doc. No. 1 at 4. Section 1332(d)(10) is part of the Class Action Fairness Act, and both parties agree that it does not apply to the instant dispute. Doc. No. 8-1 at 4; Doc. No. 11-1 at 2. Instead, the parties agree that the proper standard to determine Fireside's citizenship is the citizenship of each of its members, the owners of the individual condominium units. Doc. No. 8-1 at 4; Doc. No. 11-1 at 2.

Based on this error, Fireside filed a motion to remand on February 28, 2013.[1] Doc. No. 8. On March 14, 2013, after the 30-day period for removal had elapsed, BONY filed a motion for leave to file an amended removal notice. Doc. No. 11. The relevant portion of the proposed amended removal notice reads:

> Upon information and belief, Plaintiff is an unincorporated condominium association located in the State of Maryland and subject to the laws of the State of Maryland. *See generally* Compl., Ex. A, ¶ 2. An unincorporated association is considered a citizen of the State of which its members are citizens. *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 703 (4th Cir. 2010). Upon information and belief, the members of Plaintiff are citizens of Maryland, and therefore, Plaintiff is a citizen of Maryland.

---

[1] Prior to Fireside's Motion to Remand, BONY filed a Motion to Dismiss for Failure to State a Claim. Doc. No. 6. The parties agreed that briefing on the Motion to Dismiss would be completed after the court resolves the Motion to Remand.

Doc. No. 11-2 at 4. BONY has not identified the names or citizenships of any individual members of Fireside. Doc. No. 1. BONY's removal notice stated multiple times that complete diversity exists between BONY and Fireside, even though the allegations BONY used to support that assertion were improper. Doc. No. 1 at 1-2, 4. Additionally, the complaint filed by Fireside specifies that Fireside is "an unincorporated condominium association located in the State of Maryland and subject to the laws of the State of Maryland." Doc. No. 2 at 2. Finally, BONY's civil cover sheet marked "diversity" as the basis for jurisdiction and Fireside as a "citizen of this state." Doc. No. 1-2.

BONY argues that there is no actual dispute about Fireside's citizenship, but that does not appear to be the case: Fireside is comprised of over 200 unit owners, some of whom are investors and lenders who may not be citizens of Maryland. Doc. No. 12-1 at 4. In an attempt to make the appropriate determination of Fireside's citizenship, BONY now files a motion for expedited jurisdictional discovery. Doc. No. 14.

**II. ANALYSIS**

"On a motion to remand, a court must 'strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court.'" *Receivership of Mann Bracken, LLP v. Cline*, No. RWT 12cv292, 2012 WL 2921355, *2 (D. Md. 2011) (citing *Stephens v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc.*, 807 F. Supp. 2d 375, 378 (D. Md. 2011)). "The burden of establishing federal jurisdiction is placed upon the party seeking removal. . . . Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction. . . . If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994) (citations omitted). While a strict

construction of the removal statute is required, district courts should be cautious about denying defendants access to a federal forum because the decision to remand is effectively unreviewable. *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 988 F. Supp. 913, 914-15 (D. Md. 1997).

Amendments to a removal notice are permitted by 28 U.S.C. § 1653, which states, in its entirety: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." District courts in the Fourth Circuit have defined the interaction between § 1653 and the time limits for removal established in 28 U.S.C. § 1446 in two ways:

> For issues of imperfect jurisdictional allegations, there appears to be a "liberal" and "strict constructionist" view of 28 U.S.C. § 1446(b)'s 30-day limitation period. The liberal approach generally allows for amendment that perfects a technically defective jurisdictional allegation after the 30 day removal period. The strict constructionist approach provides for a strict application of 28 U.S.C. § 1653, allowing amendment after 28 U.S.C. § 1446(b)'s thirty-day statutory period for removal has elapsed only for the purpose of setting forth more specifically grounds for removal which had been imperfectly stated in the original petition; missing allegations may not be supplied nor new allegations furnished.

*Mann Bracken*, 2012 WL 2921355, at *6 (citations omitted) (internal quotations omitted). In *Mann Bracken*, Judge Titus set forth a number of reasons why "strict construction" is the more appropriate of the two views:

> [T]he factors that support a strict application of the 30 day removal period include: "(1) preventing federal court infringement upon the rightful independence and sovereignty of state courts," "(2) ensuring that judgments obtained in a federal forum are not vacated on appeal due to improvident removal," "(3) reducing uncertainty as to the court's jurisdiction in the marginal cases, which a more liberal construction of the removal statute would promote," "(4) allowing amendment of the notice of removal under § 1653 after the thirty day time limit for removal specified in § 1446(b) would "substantially eviscerate" the specific time provision enacted by Congress," and "(5) conceding that the traditional justification for diversity jurisdiction—state court hostility toward nonresident defendants—has been significantly reduced since the time diversity jurisdiction was created."

*Id.* (quoting *Barnhill v. Ins. Co. of N. Am.*, 130 F.R.D. 46, 50-51 (D.S.C. 1990)).

BONY argues that the strict approach taken in *Mann Bracken* should be viewed in light of *Mann Bracken*'s factual circumstances. It maintains that the court only used a strict construction approach given that six months had elapsed since removal. In doing so, BONY relies on a single sentence from *Mann Bracken*,[2] ignoring the court's overarching policy rationale. In addition, basing the standard used in remand determinations on time elapsed between the removal notice and the motion to amend that removal notice creates a perverse incentive for plaintiffs to wait an exceedingly long period of time without filing a motion to remand. Since few defendants would choose to amend their removal notice unless there is a motion to remand pending before the court, Plaintiffs could choose to wait for months before filing a motion to remand, forcing the Court to use the stricter standard. This inevitably slows down the litigation process. Hence, that there was a longer time elapsed in *Mann Bracken* than there is in the instant action should not be dispositive in determining whether a liberal or strict construction is used.

BONY further argues that other factors distinguish the present case from *Mann Bracken*. Unlike in *Mann Bracken*, the defendant's error in this case only pertained to the citizenship of the plaintiff, not the defendant itself. Additionally, the defendant here has actually filed a motion to amend its removal notice. There is nothing in *Mann Bracken* to suggest that either of these factors were relevant in the court's application of a strict constructionist standard. *Mann Bracken*, 2012 WL 2921355, at *6. Hence, as Judge Titus did in *Mann Bracken*, the Court will apply such a standard to grant the Plaintiff's motion to remand.

---

[2] "Policy reasons favor adopting the strict constructionist approach in this context, especially in light of the six months that have elapsed since the Defendants filed their Notice of Removal without seeking leave to amend." *Mann Bracken*, 2012 WL 2921355, at *6.

Contrary to Defendant's arguments, that BONY is unclear about the citizenship of Fireside's members counsels *against* granting its motion for leave to amend the removal notice. BONY cites *Muhlenbeck v. KI, LLC*, 304 F. Supp. 2d 797 (E.D. Va. 2004), in support of the proposition that courts ought to resolve motions for leave to amend a removal notice in favor of the defendant when the initial removal notice lists a partnership's principal place of business instead of the citizenship of its partners. While the *Muhlenbeck* court allowed the defendant to amend its removal notice, it also noted that:

> In cases where permitting amendment will result in a factual dispute requiring additional litigation, it may be sensible not to permit the defendant to amend the removal petition, because one of the purposes of the thirty-day removal period of 28 U.S.C. § 1446(b) is to ensure that litigation is not unduly delayed by uncertainty as to subject matter jurisdiction.

*Muhlenbeck*, 304 F. Supp. 2d at 801 (citing *Iceland Seafood Corp. v. Nat'l Consumer Coop. Bank*, 285 F. Supp. 2d 719, 727 (E.D. Va. 2003)).

Here, permitting amendment would inevitably result in a "factual dispute requiring additional litigation." *Muhlenbeck*, 304 F. Supp. 2d at 801. When a defendant makes an error in the identification of its own citizenship, as in *Muhlenbeck*, the defect in the removal notice is very easily cured as the defendant can usually ascertain the requisite information with ease. Here, however, litigation has *already begun* with respect to Defendant's attempt to ascertain the citizenship of Plaintiff's members. Defendant has filed a motion for expedited jurisdictional discovery, seeking to serve Plaintiff with interrogatories designed solely to reveal Plaintiff's citizenship. Doc. No. 14. While BONY maintains that there is no dispute over actual citizenship, Fireside points out that it is comprised of over 200 unit owners, many of whom live outside of Maryland. Hence, the present case creates a "factual dispute requiring additional litigation" in a way the facts in *Muhlenbeck* did not. *Muhlenbeck*, 304 F. Supp. 2d at 801.

Indeed, that there is an actual dispute about the Plaintiff's citizenship cuts to the core of the distinction the court made between *Johnson v. Nutrex Research Inc*., 429 F. Supp. 2d 723 (D. Md. 2006) and *Molnar-Szilasi v. Sears Roebuck & Co.*, 429 F. Supp. 2d 728 (D. Md. 2006). These cases were decided by Judge Titus on consecutive days. Both involved a defendant whose removal notice listed the plaintiff's place of "residence" rather than their state of citizenship. In *Johnson*, the court denied the motion for leave to amend the removal notice, whereas in *Molnar-Szilasi*, the court granted it. In distinguishing the two cases, Judge Titus explained:

> In *Johnson*, the defendants candidly admitted that they were entirely unsure of and could not establish plaintiff's citizenship. In contrast, here there are no serious questions regarding Molnar–Szilasi's Maryland citizenship. Her complaint states that: (1) she resides in Montgomery Village in Montgomery County, Maryland; (2) her boyfriend purchased a garden tractor/riding lawnmower in Montgomery County, Maryland over ten years ago; and (3) she was injured while operating the garden tractor in Montgomery County, Maryland at the residence of her boyfriend almost four years ago. These allegations leave little doubt that the Plaintiff is a citizen of Montgomery County, Maryland.

*Molnar-Szilasi*, 429 F. Supp. 2d at 731. Here, there is a "serious question" regarding Fireside's citizenship. *Molnar-Szilasi* featured a single plaintiff whose citizenship could easily be extrapolated from documents submitted to the court. *Id.* The Court can make no such extrapolation in the present case. That a condominium building is located in Maryland does not permit the inference that all unit owners are Maryland citizens. Even if all of the unit owners actually lived on the property, *Johnson* and *Molnar-Szilasi* exemplify the accepted proposition that courts do not equate "residency" and "citizenship." *Johnson*, 429 F. Supp. 2d at 725; *Molnar-Szilasi*, 429 F. Supp. 2d at 731. BONY needs more than a mere allegation of "complete diversity" and a declaration of Fireside's principal place of business to permit the court to grant its motion for leave to amend based on the "obviousness of the citizenship of the parties on the

face of the pleadings." *Bd. of Educ. of Charles Cnty., Md. v. Travelers Indem. Co.*, 486 F. Supp. 129, 130 (D. Md. 1980).

The present case is similar to *Johnson*, where the defendants freely admitted that "at this stage of the litigation, defendants are unable to prove plaintiff's 'citizenship.'" *Johnson*, 429 F. Supp. 2d at 726. Here, BONY has filed a motion seeking expedited jurisdictional discovery. In doing so, Defendant explained that "BONY agrees that the citizenship of Plaintiff is based on the citizenship of the members that make up the Plaintiff—information that is not publicly available or information that Plaintiff has not transmitted to BONY." Doc. No. 14 ¶ 6. Hence, Defendant in the instant action, much like the defendants in *Johnson*, is unable to assert any proof of its claim of complete diversity. This requires remand.

In an attempt to gather the requisite knowledge of Fireside's citizenship, BONY now, more than two months after removal, moves for expedited jurisdictional discovery. Although BONY claims it had no other way to access the relevant citizenship information, granting its motion for discovery would be misguided. "To remove a civil action brought in state court, a defendant or defendants must file in the district court a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal." *Johnson*, 429 F. Supp. 2d at 726 (internal quotations omitted). The Eleventh Circuit has expounded further upon the interaction between Rule 11 and removal jurisdiction, in a case where the removing party's allegations regarding the amount in controversy were defective because they lacked factual support:

> Just as a plaintiff bringing an original action is bound to assert jurisdictional bases under Rule 8(a), a removing defendant must also allege the factual bases for federal jurisdiction in its notice of removal under § 1446(a). Though the defendant in a diversity case, unlike the plaintiff, may have no actual knowledge

8

> of the value of the claims, the defendant is not excused from the duty to show by fact, and not mere conclusory allegation, that federal jurisdiction exists. Indeed, the defendant, by removing the action, has represented to the court that the case belongs before it. Having made this representation, the defendant is no less subject to Rule 11 than a plaintiff who files a claim originally. Thus, a defendant that files a notice of removal prior to receiving clear evidence that the action satisfies the jurisdictional requirements, and then later faces a motion to remand, is in the same position as a plaintiff in an original action facing a motion to dismiss.

*Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1217 (11th Cir. 2007) (footnotes omitted). To deny Fireside's remand motion is to invite removal even when there is a dearth of evidence that a federal court would have subject matter jurisdiction. The *Lowery* court portends that such a ruling would create "fishing expeditions," where defendants remove without proof of jurisdiction, and then seek jurisdictional discovery in an attempt to ascertain such proof. *Id.* That is precisely what is happening in the instant action. The defendant removed lacking the requisite proof of jurisdiction, and then, more than two months after removal, moved for expedited jurisdictional discovery. Remand is the necessary course if the court is to avoid "encouraging defendants to remove, at best, prematurely, and at worst, in cases in which they will never be able to establish jurisdiction." *Lowery*, 483 F.3d at 1217. Indeed, this is precisely the danger the *Muhlenbeck* court warned of in declaring that courts must be wary of granting leave to amend a removal notice when the amendment would cause the litigation to be "unduly delayed by uncertainty as to subject matter jurisdiction." *Muhlenbeck*, 304 F. Supp. 2d at 801.

As in Lowery, "the defendants here asked that the district court reserve ruling on the motion to remand so that they could conduct discovery to obtain information from the plaintiffs that would establish that the court has jurisdiction." *Lowery*, 483 F.3d at 1217. The court declines to do so, for "[t]he defendant['s] request for discovery is tantamount to an admission

that the defendant[] do[es] not have a factual basis for believing that jurisdiction exists. The natural consequence of such an admission is remand to state court." *Id.* at 1217-18.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Remand will be GRANTED, Defendant's Motion for Leave to Amend the Notice of Removal will be DENIED, and Defendant's Motion for Expedited Jurisdictional Discovery will be DENIED. The remaining motions will be DENIED as moot. A separate Order will follow.

|  |  |
|---|---|
| __May 29, 2013__<br>Date | _____/s/_____<br>Alexander Williams, Jr.<br>United States District Judge |